OPINION
{¶ 1} Defendant-appellant, Samuel Koons, appeals from a Columbiana County Municipal Court judgment convicting him of assault following a bench trial.
 {¶ 2} On February 3, 2006, Jessica Crawford had a party at her apartment. Brenda Bell attended the party. Bell went home to a house she shared with appellant. She returned to Crawford's apartment later that night with her dog because she had gotten into a fight with appellant.
 {¶ 3} Appellant showed up at Crawford's house sometime after midnight looking for Bell. Crawford lied and told him that Bell was not there. At that point, appellant picked up Bell's dog. Crawford tried to stop him from leaving with the dog. Appellant then pushed Crawford, grabbed her arm, and squeezed it leaving a bruise. One of Crawford's friends, Robert Ashbaugh, either yelled for appellant to let go of Crawford or chased him away. Appellant took the dog and left. Crawford called the police.
 {¶ 4} Appellant was subsequently charged with assault in violation of R.C. 2903.13(A), a first-degree misdemeanor.
 {¶ 5} On February 9, 2006, the court found that appellant was indigent and appointed Attorney Jennifer Gorby to represent him. On May 8, 2006, Attorney Gorby requested that the court substitute counsel for her. The court did as requested. Thus, Attorney Kyde Kelly now represented appellant. Less than a month later, Attorney Kelly requested that the court transfer appellant's case to another appointed attorney because he had been reassigned. Thus, Attorney Constance Witt was appointed to appellant's case. Attorney Witt filed a motion for a continuance in order to prepare for trial, which the court granted. Two days before the trial was set to commence, Attorney Witt requested that she be permitted to withdraw because appellant had hired Attorney Damian Billak to represent him. The court granted the motion to withdraw and reset the trial date.
 {¶ 6} At the next status conference, Attorney Billak appeared to inform the court that he did not represent appellant. Now appellant had no counsel.
 {¶ 7} On October 10, 2006, the matter proceeded to a bench trial. Appellant *Page 2 
appeared without counsel. The court informed appellant that the matter was set for a jury trial that day, per the request of Attorney Witt when she represented him. The court informed appellant that he could either proceed with the jury trial or could instead proceed with a trial to the court. Appellant seemed to be confused about whether Attorney Billak represented him. The court granted appellant a recess so that he could contact his attorney. Appellant returned and stated that he wished to proceed with a bench trial. Thus, the case proceeded to a bench trial at which appellant appeared pro se.
 {¶ 8} The court found appellant guilty of assault as charged. It sentenced him to 180 days in jail and suspended 60 days of the sentence provided that he comply with probation terms for three years, fined him $500, and ordered him to pay costs.
 {¶ 9} Appellant filed a timely notice of appeal on November 9, 2006. The trial court stayed his sentence pending this appeal.
 {¶ 10} Appellant raises two assignments of error. Because his second assignment of error is dispositive, we will address it first. It states:
 {¶ 11} "THE COURT COMMITTED REVERSIBLE ERROR BY ALLOWING THE APPELLANT TO PROCEED WITHOUT COUNSEL AND WITHOUT MAKING SUFFICIENT INQUIRY TO DETERMINE WHETHER HE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY WAIVED HIS RIGHT TO COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 {¶ 12} Appellant argues that at no time did the trial court inform him of the inherent danger of proceeding pro se. He contends that the court was required to do so in order to ensure that he knowingly, intelligently, and voluntarily waived his right to counsel. Appellant further asserts that the court was required to, and failed to, conduct an inquiry into whether he understood his right to counsel and voluntarily relinquished that right.
 {¶ 13} The Sixth Amendment right to counsel extends to misdemeanor cases *Page 3 
that can result in the imposition of a jail sentence. City of GarfieldHeights v. Brewer (1984), 17 Ohio App.3d 216, 217, 479 N.E.2d 309, citing Argersinger v. Hamlin (1972), 407 U.S. 25, 92 S.Ct. 2006,32 L.Ed.2d 530. However, a defendant can waive this right either expressly or impliedly, which can be determined from the circumstances of the case. State v. Glasure (1999), 132 Ohio App.3d 227, 234,724 N.E.2d 1165. "To be an effective waiver, it is necessary for the trial court to `make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right.'" Id., quotingState v. Gibson (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, at paragraph two of the syllabus. Before a defendant can waive the right to counsel, the trial court must be satisfied that the defendant made an intelligent and voluntary waiver of the right knowing that he will have to represent himself. State v. Ebersole (1995), 107 Ohio App.3d 288, 293,668 N.E.2d 934, citing Faretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525,45 L.Ed.2d 562; Gibson, 45 Ohio St.2d 366. Additionally, the court should inform the defendant of the dangers inherent in self-representation. Id.
 {¶ 14} The state bears the burden of overcoming presumptions against a valid waiver. State v. Dyer (1996), 117 Ohio App.3d 92, 95,689 N.E.2d 1034. Because the right to counsel is a fundamental constitutional right, we must indulge every reasonable presumption against its waiver.State v. Glasure, 7th Dist. No. 654, 2001-Ohio-3452, citingArgersinger, at 217. Therefore, a waiver of the right to counsel will not be deemed valid unless the record reflects that the trial court substantially complied with Crim.R. 22 and Crim.R. 44(C). Id., citingGlasure, 132 Ohio App.3d 227.
 {¶ 15} Crim.R. 44(B) provides:
 {¶ 16} "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." *Page 4 
 {¶ 17} Crim.R. 44(C) provides that "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing." Crim.R. 22 provides that in petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded.
 {¶ 18} Appellant was convicted of first-degree misdemeanor assault. R.C. 2903.13(C). The maximum penalty for a first-degree misdemeanor is 180 days. R.C. 2929.24(A)(1). Thus, appellant was convicted of a petty offense, not a serious offense. Crim.R. 2(C)(D). Accordingly, his waiver of the right to counsel was not required to be in writing.
 {¶ 19} Plaintiff-appellee, the State of Ohio, alleges numerous facts that it contends demonstrate that appellant knowingly and voluntarily waived his right to counsel. But not all of those facts are found in the record. The facts found in the record are as follows.
 {¶ 20} On February 9, 2006, at appellant's initial appearance, the court found appellant was indigent and appointed him counsel. On April 5, appellant appeared at a pretrial conference with his appointed counsel, Attorney Jennifer Gorby. On May 3, Attorney Gorby filed a motion for substitution of counsel, which the court granted. However, on May 10, appellant appeared at another pretrial conference with Attorney Gorby. The court stated that it would set the case for the next available trial date. The court set the trial for July 5. The court then appointed Attorney Kyde Kelly to represent appellant. On May 26, the court substituted Attorney Constance Witt to represent appellant because Attorney Kelly had been reassigned. On July 5, appellant appeared with Attorney Witt, who requested a continuance. The court granted the continuance and set the trial for August 23. On August 21, Attorney Witt filed a motion to withdraw. She stated that appellant had privately hired Attorney Damian Billak to represent him. On August 23, appellant appeared with Attorney Witt. In the court's judgment entry from that date it sustained Attorney's Witt's motion to withdraw, continued the trial, and stated that the trial would be set for the next available date. *Page 5 
 {¶ 21} The court then sent out a notice that the case was assigned for a status conference on October 4. It sent the notice to both appellant and Attorney Billak. The court's next judgment entry states that at the October 4 status conference, Attorney Billak appeared and informed the court that he did not represent appellant. Appellant also appeared at the conference. The court set the case for a jury trial on October 10. Thus, at this point appellant should have known that Attorney Billak did not represent him and should have known his case was set for a jury trial the next week.
 {¶ 22} Appellant appeared on October 10 without counsel. The court stated on the record:
 {¶ 23} "Just as a notation here there came a time when you requested that Attorney Witt no longer represent you, she made a Motion to Withdraw as counsel. You had indicated that you were going to retain private counsel and it is my understanding that that has not occurred.
 {¶ 24} "* * *
 {¶ 25} "Now we have a couple of options here today. The first option is that we can proceed with your jury trial under your request, your prior filed request. However, I do want to caution you that you will be held to the same standards of evidence and procedure as though you were represented by counsel." (Tr. 4).
 {¶ 26} The court then went on to explain to appellant that he could waive his right to a jury trial and proceed with a bench trial if he wished. (Tr. 4-6). Appellant stated that he was not ready for a trial. (Tr. 6). He then opted to send the jurors home. (Tr. 6). However, appellant stated that he would like to talk to his lawyer about whether to waive his right to a jury trial. (Tr. 6). The following colloquy then ensued:
 {¶ 27} "THE COURT: Well, sir, you don't have a lawyer and that's been the problem. You had one —
 {¶ 28} "MR. KOONS: — can I give you his card?
 {¶ 29} "THE COURT: Well, no. *Page 6 
 {¶ 30} "MR. KOONS: You don't want it?
 {¶ 31} "THE COURT: There's been no appearance, there's been no appearance by any attorney — any other attorney, you had a private counsel who then withdrew.
 {¶ 32} "So, sir, I'm just making sure that you understand. Do you — that you're giving up your right to a jury trial today, and then we'll proceed with the trial to the court alone." (Tr. 6-7).
 {¶ 33} Appellant then asked if he could call his lawyer. (Tr. 7). The court took a brief recess to allow him to do so. (Tr. 7-8).
 {¶ 34} The prosecutor then put the following statement on the record:
 {¶ 35} "In order to preserve the record, I would like the record to reflect that we were here for a status conference last Wednesday; and that Attorney Billick [sic] appeared, who is representing the Defendant on an appeal in a different case.
 {¶ 36} "Attorney Billick [sic] made it perfectly clear that at no time did he ever indicate to the Defendant that he was representing him on both cases.
 {¶ 37} "Attorney Billick [sic] then further stated that if the Defendant wished to retain him on this case for today, he would need to come into Attorney Billick's [sic] office and make arrangements for that.
 {¶ 38} "The Judge, Judge Frost, on Wednesday, indicated to Attorney Billick [sic], as well as the Defendant, that if he had a Motion to Continue on Friday that he would be willing to sign it to afford any attorney the opportunity to prepare for today's case.
 {¶ 39} "I called Attorney Billick's [sic] office, Attorney Billick [sic] indicated there was no continuance filed, that he did not represent the Defendant today, or at all in this case.
 {¶ 40} "I know that yesterday was Columbus Day, however we had eight hours on Friday, and it is now 9:15, the Court has now been opened for an hour and fifteen minutes, we still have no indication by fax, or by phone call, that the Defendant has, in fact, retained an attorney. *Page 7 
 {¶ 41} "This is about the third, possibly the fourth time we've been in this position with this Defendant. So, I just want to make it clear on the record the Defendant has been given ample opportunity to secure counsel. We have done everything we can to facilitate that." (Tr. 8-9).
 {¶ 42} The court then took a recess, per appellant's request. When he returned, appellant asked the court if he gave up his right to a jury trial and his attorney thought it was not a good idea, if he could later request one. (Tr. 10). The court told appellant that it was holding the trial that day, whether it was to a jury or not. (Tr. 10-11). Appellant then told the court to let the jurors go home. (Tr. 12).
 {¶ 43} The court explained the trial process to appellant and cautioned him that it would hold him to the same rules of evidence and procedure as an attorney. (Tr. 14-16). The court then told appellant that if he had any witnesses they would have to leave the courtroom, to which appellant replied, "I didn't bring any witnesses today. I have some but I didn't bring them because I — I'm not ready." (Tr. 16-17). The court then proceeded with the trial.
 {¶ 44} It is clear from the record that appellant never explicitly waived his right to counsel. Thus, we must determine whether the above facts demonstrate that he implicitly waived this right.
 {¶ 45} "The basic right to counsel * * * must be considered along with the need for the efficient and effective administration of criminal justice. Moreover, a defendant may not be permitted to be reasonably perceived as taking advantage of the trial court by claiming his right to counsel in order to frustrate or delay the judicial process. Thus, when a defendant refuses to take effective action to obtain counsel, and on the day of trial requests a continuance in order to delay the trial, the court may, under proper conditions, be permitted to infer a waiver of the right to counsel. To ascertain whether a waiver may be inferred, the court must take into account the total circumstances of the individual case including the background, experience, and conduct of the accused person." (Internal citations omitted.) State v. Hook (1986),33 Ohio App.3d 101, 103, 514 N.E.2d 721. *Page 8 
 {¶ 46} Here appellant did not knowingly and voluntarily waive his right to counsel. The court never informed him on the record of the inherent dangers of proceeding pro se and never warned him that if he did not retain counsel he would be forced to proceed pro se. Courts have held that when a trial court fails in these respects, waiver cannot be inferred.
 {¶ 47} For instance, in Ebersole, 107 Ohio App.3d 288, the court appointed counsel to defend Ebersole on a charge of operation of a motor vehicle with a suspended license. Ebersole subsequently failed to appear for trial and his attorney moved to withdraw as counsel. Based on Ebersole's failure to communicate with his court-appointed counsel, the court permitted counsel to withdraw. Once Ebersole appeared before the court, he requested that the court reconsider and appoint counsel for him. The trial court determined that because Ebersole failed to consult with his counsel and there was no evidence that it was with good cause, it was not going to appoint him counsel at the public's expense. The court told Ebersole he was free to hire his own counsel. Subsequently, Ebersole proceeded to trial pro se.
 {¶ 48} On appeal, the Third Appellate District found that Ebersole's actions did not constitute a valid waiver of the right to counsel. It stated:
 {¶ 49} "Simply put, although appellant's actions of failing to notify his attorney of his change of address and not contacting his court-appointed counsel or the court between January 1994 and his apprehension in January 1995 are not condoned by us, neither will we condone the trial court's action denying a defendant court-appointed counsel when, prior to the denial, the trial court fails to inform the defendant of the consequences of his action. In other words, the constitutional requirements of a valid waiver delineated in Faretta [v.California (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562], must still be articulated to the defendant: a defendant must know that his failure to contact his attorney will result in no further appointed counsel and if this happens, unless he can afford an attorney, he must represent himself and, also, be informed that there are dangers inherent in self-representation." Id. at 294. *Page 9 
 {¶ 50} The appellate court found that the trial court never informed Ebersole of the consequences of actions frustrating the judicial process. Id. at 295. The court concluded that without such an inquiry and explanation to the defendant, the trial court erred, as a matter of law, in concluding that he waived his right to counsel. Id. Additionally, the court held that not only must the defendant's actions be examined, but also, the trial court's explanation of the consequences of the defendant's actions must be examined in order to make a proper determination of whether he waived his right to counsel. Id.
 {¶ 51} And in State v. McCrory, 11th Dist. No. 2006-P-0017,2006-Ohio-6348, the appellate court found that when McCrory appeared for trial on his misdemeanor assault charge without counsel and the trial court questioned him about whether he could afford counsel and whether he wished to proceed pro se, McCrory did not knowingly and voluntarily waive his right to counsel. The appellate court found that the trial court did not engage in any dialog with McCrory regarding the nature of the charged offense, the range of possible punishments, possible defenses, or any other matters that would apprise him "`of the inherent difficulties in attempting to represent [him]self throughout a criminal case.'" Id. at ¶ 26, quoting State v. Mogul, 11th Dist. No. 2003-T-0178,2006-Ohio-1873, at ¶ 20. The appellate court found that the trial court's dialog with McCrory was wholly limited to whether he could afford counsel, which was not sufficient to establish that his waiver was knowing and voluntary. Id.
 {¶ 52} Finally, in Glasure, 132 Ohio App.3d 227, Glasure was charged with defrauding creditors and the trial court appointed him counsel. Due to problems with his first appointed counsel, the court appointed a new attorney to handle Glasure's case. Although Glasure initially met with his attorney, he subsequently failed to attend meetings with him. So the attorney filed a motion to withdraw. Additionally, the prosecutor informed the court that Glasure had never demonstrated to the court that he was entitled to appointed counsel. The trial court put a judgment entry on holding the attorney's motion to withdraw in abeyance and giving Glasure ten days to complete the proper financial statement and affidavit. Although Glasure was *Page 10 
personally served with this order, he failed to complete the required paperwork. Thus, the court granted the attorney's motion to withdraw and discharged the public defender's officer from representing Glasure. The court's entry was personally served upon Glasure and it also notified him that his trial was set to proceed in 14 days. Glasure appeared at the trial pro se. Before beginning the trial, the court advised Glasure that he had the right to counsel and that counsel was "of the utmost importance" but that due to the fact that he failed to complete the necessary paperwork, the public defender's office would not be representing him. The court specifically asked Glasure whether he wished to waive his right to counsel, to which he stated "no." Regardless, the court proceeded with the trial after informing Glasure that it believed his conduct throughout the case had been in an effort to frustrate the court and delay the case coming to a final conclusion. Glasure objected, stating that he could not present a proper defense.
 {¶ 53} On appeal, this court held in part:
 {¶ 54} "The record is also void of any evidence suggesting that the court conducted a sufficient pretrial inquiry using the Von Moltke [v.Gillies (1948), 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309,] requirements to notify appellant of the nature of the charges against him as well as the consequences of his actions before concluding that he had impliedly waived his right to counsel. At the very least, the trial court should have informed appellant in its final judgment entry that he was required to retain counsel unless he established that he could not employ an attorney and that the court would infer a waiver of counsel if he did not comply with the court's order. Moreover, the court could have, on the day of trial, granted appellant additional time to obtain an attorney after completing the proper pretrial inquiries on the record so as to ensure that appellant was aware of the consequences of his actions. If he still after that point did not file something with the court indicating that he was unable to employ counsel, then the court properly could have inferred a waiver of counsel.
 {¶ 55} "As such, this court holds that the trial court must hold a hearing in *Page 11 
order to inquire into appellant's ability to retain counsel. After said inquiry, if the court determines that in fact appellant is indigent, the court must then inquire into whether appellant desires to have counsel appointed for him. In the event appellant chooses to proceed pro se, the court shall establish on the record consistent with Von Moltke * * * that appellant is thoroughly apprised of the pitfalls of self-representation." Id. at 238-39.
 {¶ 56} Consequently, we reversed Glasure's conviction and remanded the case. The Van Moltke requirements of a valid waiver that we referred to were relied on by the Ohio Supreme Court in State v. Gibson (1976),45 Ohio St.2d 366: "To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'" Glasure, at 235, quoting Gibson, supra, citing VanMoltke, 332 U.S. at 724.
 {¶ 57} In the case at bar, there is no indication on the record that the court apprised appellant of the dangers inherent in self-representation. The closest the court came was informing appellant that he would be held to the same rules of procedure and evidence as would an attorney. The court never informed appellant on the record of such things as the range of punishments he faced, possible defenses to the charge of assault, or anything else other than the standard the court would hold him to if he proceeded pro se.
 {¶ 58} Furthermore, while it appears that appellant was simply delaying his trial by showing up without an attorney, this delay does not rise to the level of an implied waiver of the right to counsel. Appellant also appears to have believed that he had retained counsel. He offered to show the court his attorney's card. (Tr. 7). He also asked for a recess so that he could call his attorney. (Tr. 7). And when asked whether he wished to proceed with a jury trial or a bench trial, appellant stated that he would like to ask his lawyer. (Tr. 6). So although no appearance was made by an attorney on appellant's behalf, appellant may have mistakenly believed that he *Page 12 
had retained an attorney to represent him. Given this possible belief by appellant, the court should have continued the trial and warned appellant that if he did not show up with an attorney at the next trial date, the court would construe that as a waiver of the right to counsel and appellant would have to proceed pro se. The court should have then informed appellant of the dangers of proceeding pro se.
 {¶ 59} Accordingly, appellant's second assignment of error has merit.
 {¶ 60} Appellant's first assignment of error provides:
 {¶ 61} "THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 62} Based on the merit of appellant's second assignment of error, his first assignment of error is moot.
 {¶ 63} For the reasons stated above, the appellant's conviction is hereby reversed and the matter is remanded for further proceedings pursuant to law and consistent with this opinion. *Page 1