[Cite as *State v. Karnofel*, 2017-Ohio-428.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0070** |
| DELORES KARNOFEL, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Girard Municipal Court, Case No. 2014 CRB 00806.

Judgment: Modified and affirmed as modified.

*Michael E. Bloom*, Girard City Prosecutor, Girard Municipal Court, 100 North Main Street, Girard, OH 44420 (For Plaintiff-Appellee).

*Gary L. Van Brocklin*, 4717 Market Street, P.O. Box 3537, Boardman, OH 44513 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Delores Karnofel, appeals her convictions for property maintenance code violations arguing denial of her Sixth Amendment right to counsel. Finding merit, her convictions and fines are affirmed, but her jail time is vacated.

{¶2} In August 2014, the City of Girard Zoning Department filed six criminal complaints setting forth various maintenance code violations.

{¶3} Karnofel appeared for arraignment and signed a form document indicating her desire to waive her right to a speedy trial. The form also stated in part that "he/she" was advised of other various rights, including her right to counsel. She did not,

however, waive her right to counsel or any other rights via this form waiver. And although the document states that the defendant was advised of the seven listed rights, no recording was made showing that she was orally advised of or waived her right to counsel.

{¶4} The case proceeded, and without waiving her right to counsel, Karnofel filed a pro se motion to dismiss the complaint, and leave to file a motion to dismiss because she had previously been deemed a vexatious litigator. The court granted leave, but denied the motion.

{¶5} The case was tried to the court in June of 2015. Karnofel represented herself and was found guilty of three of the six charges. Each is a fourth-degree misdemeanor and constitutes a petty offense. She was sentenced to three concurrent thirty-day jail terms with all jail time suspended, and three concurrent one-year terms of probation for each offense. She was also ordered to pay $750 in fines with $550 suspended.

{¶6} Her sole assigned error asserts:

{¶7} "The court erred when it denied the appellant her Sixth Amendment right to counsel."

{¶8} "'The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that *a defendant* in a state criminal trial has an independent constitutional right of self-representation and that he *may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so.*' *State v. Gibson* (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, paragraph one of the syllabus, citing *Faretta v. California* (1975), 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (emphasis added). '*Absent a knowing and intelligent waiver*, no person

2

may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial.'" (Emphasis sic.) *State v. McCrory*, 11th Dist. Portage No. 2006-P-0017, 2006-Ohio-6348, at ¶22, quoting *State v. Wellman,* 37 Ohio St.2d 162, 309 N.E.2d 915, (1974) paragraph one of the syllabus, citing *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L. Ed. 2d 530 (1972).

{¶9} Karnofel's convictions constitute petty offenses because the maximum term of confinement for each is less than six months. Crim.R. 2(D) and (C); R.C. 2929.24(A)(4).

{¶10} Crim.R. 44(B), *Counsel in petty offenses,* states, "[w]hen a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." Further, Crim.R. 44(C), *Waiver of counsel*, requires that all waivers of counsel in petty offense cases "shall be in open court and the advice and waiver shall be recorded" via "shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device" pursuant to Crim.R. 22.

{¶11} There is a presumption *against* finding that a criminal defendant has waived his or her right to counsel. *State v. Obermiller*, __ Ohio St.___, 2016-Ohio-1594, ¶29 citing *Brewer v. Williams*, 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). And no individual may be imprisoned for any offense without sufficient inquiry by the trial court to assess whether the defendant fully understands the impact of the waiver of the right to counsel. *State v. Gabel*, 11th Dist. Ashtabula No. 2008-A-0076, 2009-Ohio-3792, ¶15-16 citing *State v. Wellman,* 37 Ohio St.2d 162, 309 N.E.2d 915 paragraph one of the syllabus (1974). Moreover, the state bears the burden of

3

overcoming the presumption against a valid waiver. *State v. Boughner*, 11th Dist. Geauga No. 98-G-2161, 1999 Ohio App. LEXIS 6116, *17-18.

{¶12} Here, the record does not show that the trial court complied with the express requirements of Crim.R. 44(B) and (C). There is absolutely no recording of any dialogue between Karnofel and the court regarding her right to counsel as mandated by Crim.R. 44(C). Moreover, the court did not ascertain her waiver of the right to counsel, and as such, her sole assigned error has merit.

{¶13} Notwithstanding, the state argues and the dissent agrees, that Karnofel impliedly waived her right to counsel based on her status as a vexatious litigant, the reference to her right to counsel in a form document, and her pro se actions and filings. We disagree.

{¶14} Although a few cases have acknowledged that a defendant can impliedly waive the right to counsel by remaining silent after being fully advised of the right to counsel, a defendant's conduct can never constitute waiver in the absence of the trial court fully advising on the record of that right. *State v. Gabel*, 11th Dist. Ashtabula No. 2008-A-0076, 2009-Ohio-3792, ¶42, citing *State v. Koons*, 7th Dist. Columbiana No. 06-CO-67, 2007-Ohio-4985; *State v. Herron*, 11th Dist. Lake NoS. 2009-L-132, 2009-L-133, and 2009-L-134, 2010-Ohio-2050.

{¶15} In *State v. Koons*, Koons had several lawyers whom he fired. On the day of trial, however, his lawyer did not appear, and Koons defended himself. *Id.* at 7. On appeal, the Seventh District acknowledged that a defendant could impliedly waive the right to counsel, but it reversed and remanded Koons' conviction. The court explained that in order to find an implied waiver of the right to counsel, a court must examine not only the defendant's actions, but also whether the trial court fully advised the defendant

4

"on the record of the inherent dangers in proceeding pro se" and warned him "that if he did not retain counsel he would be forced to proceed pro se. * * * [W]hen a trial court fails in these respects, waiver cannot be inferred." (Emphasis added.) *Id.* at ¶46.

{¶16} However, in S*tate v. Tucker*, 9th Dist. Lorain No. 14CA010704, 2016-Ohio-1354, ¶19-20, the Ninth District Court of Appeals found that Tucker waived his right to counsel based on his refusal to speak when asked about counsel. It explained, "Tucker repeatedly frustrated the court's attempt to engage him in a dialogue about his waiver by refusing to answer questions, posing objections to the legitimacy of the court and the proceedings, and insisting that he was not subject to the jurisdiction of the trial court." *Id.* at ¶14. Thus, the trial court satisfied its duty in advising Tucker before finding he impliedly waived his right to counsel. *Id.*

{¶17} Here, the trial court neither recorded its purported advisement of the right to counsel nor did it secure Karnofel's waiver of her right to counsel in any respect. The dissent's misguided reliance on Karnofel's signature on a document referencing her right to counsel, listed among other rights, as well as her vexatious litigator status and self-representation, are inconsequential, and do not serve as alternative satisfaction of the trial court's obligation to conduct an on-the-record advisement of the right to counsel and the implications of waiver. *Koons*, supra, at ¶46*.*

{¶18} The need for the discussion on the record is readily apparent. Without a court's on-the-record notification of the ramifications of waiver of the right to counsel and the challenges inherent in self-representation, nothing shows that the waiver was knowing, intelligent, and voluntary. The rule and case law make it abundantly clear that a trial court's duty to advise on the record is designed to ensure that an accused is truly informed of the right to counsel, and the court's duty to inform is mandatory. In

5

*McCrory,* supra, this court specifically held that a trial court has "an affirmative duty" to engage in a dialogue with a defendant and inform her of the "'inherent difficulties in attempting to represent [her]self throughout a criminal case'" and that absent said dialogue on the record, waiver of the right to counsel is not knowingly and intelligently made. *McCrory,* at ¶25-26 (Grendell, J., writing).

{¶19} We find nothing that could be construed as a dialogue warning Karnofel of the dangers attendant to self-representation. There was no inquiry directed to Karnofel to ascertain if she understood the seriousness of the trial and the potential consequences to her liberty. Absent such warning and inquiry, the court failed to comply with Crim.R. 44 and the presumption against a knowing, intelligent and voluntary waiver of the right to counsel is not rebutted. *State v. Jones*, 6th Dist. Lucas No. L-11-1186, 2012-Ohio-6244, ¶18 (finding no waiver of counsel in serious offender case where defendant represented himself since there was no on-the-record warning or exchange.) Thus, contrary to the state's argument and the dissenting opinion, Karnofel's actions alone do not constitute a waiver.

{¶20} Accordingly, her sole assigned error is well-taken. We therefore affirm her convictions and monetary fines, but vacate the imposed jail time. *State v. Boughner*, 11th Dist. Geauga No. 98-G-2161, 1999 Ohio App. LEXIS 6116, *22-26 (explaining that an appropriate course of action on appeal is to vacate the term of imprisonment and affirm the conviction and fines.); *State v. Mogul*, 11th Dist. Trumbull Nos. 2003-T-0177 and 2003-T-0179, 2006-Ohio-1878, ¶58.

{¶21} The judgment of the trial court is modified and affirmed as modified.

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

6

_____

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

{¶22} I respectfully dissent.

{¶23} Contrary to the majority's position, there is affirmative evidence in the record that the trial court advised Karnofel of her right to counsel. That being so, her waiver of the right may be inferred. Karnofel's singular history as a pro se litigator not only justifies but compels that inference.

{¶24} The majority states that there is no recording of the trial court's advisement to Karnofel regarding her right to counsel. *Supra at ¶ 17.* Yet on September 16, 2014, Karnofel signed a document that she was so advised. This document, witnessed by the bailiff and journalized with the court, provides:

> **Defendant appeared in open Court and was advised by the Court: A):** The nature of the charge against him/her; **B):** That he/she has the right to counsel and the right to a reasonable continuance in the proceedings to secure counsel; and **C):** Pursuant to Crim Rule 44, the right to have counsel assigned without cost to him/her if he/she is unable to obtain counsel * * *.

{¶25} The majority dismisses this document as "inconsequential" and insufficient to fulfill "the trial court's obligation to conduct an on-the-record advisement of the right to counsel and the implications of waiver." Such documents are sufficient to attest a defendant's waiver of counsel; in fact, the Criminal Rules require a waiver in writing. There is no logical reason, then, why such a document cannot serve as evidence that the court duly advised the defendant of her rights.

7

{¶26} Since Karnofel was advised of her right to counsel, her waiver may be inferred. *State v. Gabel*, 11th Dist. Ashtabula No. 2008-A-0076, 2009-Ohio-3792, ¶ 42 ("the court may, under proper conditions, be permitted to infer a waiver of the right to counsel") (citation omitted); *State v. Ebersole*, 107 Ohio App.3d 288, 293, 668 N.E.2d 934 (3d Dist.1995) ("Ohio appellate courts have held that a waiver may be inferred from the circumstances of an individual case"). "To ascertain whether a waiver may be inferred, the court must take into account the total circumstances of the individual case including the background, experience, and conduct of the accused person." *State v. Hook*, 33 Ohio App.3d 101, 103, 514 N.E.2d 721 (10th Dist.1986); *accord State v. Herron*, 11th Dist. Lake Nos. 2009-L-119 et al., 2010-Ohio-2050, ¶ 20.

{¶27} Karnofel's background, experience, and conduct all strongly support the inference of waiver. Following the arraignment at which she was advised of her right to counsel, Karnofel neither sought a continuance, alleged indigency, nor otherwise sought the appointment of counsel. Rather, Karnofel proceeded by representing herself, indicating her intent by identifying herself as "pro se defendant." This has been Karnofel's modus operandi for almost two decades.

{¶28} Karnofel's preference for pro se representation dates back to 1998 and is evidenced by over fifteen appearances before this court as a pro se litigant. As noted by the State, Karnofel has been declared a vexatious litigator, i.e., someone "who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions." R.C. 2323.52(A)(3). Certainly the background, experience, and conduct of this particular defendant, if any, permit the inference of waiver.

{¶29} It has often been observed, by this court and others, that "a defendant may not be permitted to be reasonably perceived as taking advantage of the trial court

8

by * * * refus[ing] to take effective action to obtain counsel, and on the day of trial request[ing] a continuance, in order to delay the trial." *Gabel*, 2009-Ohio-3792, at ¶ 42. Neither should such a defendant be permitted to delay asserting her right to counsel (of which she was perfectly well aware) until the appeal of her case in order to avoid jail time.

{¶30} For the foregoing reasons, I respectfully dissent and would affirm the decision of the municipal court.