[Cite as *State v. Boatwright*, 2020-Ohio-5068.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DARREN L. BOATWRIGHT,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 20 MA 0009

---

Criminal Appeal from the
Mahoning County Court No. 2, Mahoning County, Ohio
Case No. 2019 CRB 01051 BDM

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed in part. Reversed and Remanded in part.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor, and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Richard Hura,* P.O. Box 9742, Boardman, Ohio 44513, for Defendant-Appellant.

Dated: October 26, 2020

_____

**D'Apolito, J.**

{¶1} Appellant, Darren L. Boatwright, appeals from the December 17, 2019 judgment of the Mahoning County Court No. 2 finding him guilty of misdemeanor theft and sentencing him to a suspended jail sentence following a bench trial. On appeal, Appellant asserts the trial court erred in failing to appoint new counsel and requiring him to proceed pro se at the bench trial without first securing a knowing, voluntary, and intelligent waiver pursuant to Crim.R. 44(B) and (C). For the reasons stated, Appellant's conviction is affirmed, however, his sentence is reversed and remanded for resentencing with instructions that a sentence of confinement may not be imposed, including a suspended sentence.[1]

## FACTS AND PROCEDURAL HISTORY

{¶2} On July 31, 2019, a criminal complaint was filed against Appellant for theft, a misdemeanor of the first degree, in violation of R.C. 2913.02(A).[2] Appellant pleaded not guilty, waived his right to a speedy trial, and was appointed counsel.

{¶3} A bench trial was held on December 17, 2019.

{¶4} Appellant appeared pro se, expressed his dissatisfaction with his court appointed counsel, explained the breakdown of their attorney/client relationship, and requested new counsel. Prior to the commencement of trial, the court told Appellant that he had a good, competent lawyer appointed and asked Appellant why he had not retained new counsel himself. (12/17/2019 Bench Trial T.p. 2). Appellant indicated he believed, albeit incorrectly, that he had retained a new lawyer, Attorney Pete Klimis, who had another trial that same date. (*Id.*) Appellant stated he had also spoken with Attorney Cartwright-Jones who would accept the case if given additional time. (*Id.* at 2-3).

---

[1] *See State v. Price*, 7th Dist. Mahoning No. 14 MA 28, 2015-Ohio-1199, ¶ 1, 3, 44 (affirming the defendant's misdemeanor conviction but reversing and remanding the suspended sentence following a bench trial); *State v. Alexander*, 4th Dist. Ross No. 15CA3492, 2016-Ohio-5015, ¶ 16.

[2] The offense occurred at Walmart, Boardman Township, Mahoning County, Ohio, where Appellant was an employee.

Case No. 20 MA 0009

Nevertheless, the court ultimately responded, "You're going to have to represent yourself." (*Id.* at 4).

{¶5}    Appellant went on to explain, "My [appointed] counsel was discussing my case in the open in front of everybody [and] was bashing me[.]" (*Id.*) When asked if he was ready to move forward with the trial, Appellant responded, "Not by choice[.]" (*Id.* at 7). After the prosecutor made his opening statements, Appellant again voiced his concern about proceeding pro se. (*Id.* at 10). Appellant further stated dissatisfaction with his court appointed counsel due to the failure to file a motion to suppress Appellant's confession which the prosecutor raised in his opening statement. (*Id.*) Appellant also expressed dissatisfaction because his court appointed counsel failed to show him evidence in his companion cases.[3] (*Id.* at 11).

{¶6}    Jessica Straley, a Walmart manager, testified for Appellee, the State of Ohio, that associates had witnessed employee theft by Appellant, which was recorded and reviewed via CCTV footage. (*Id.* at 15). The video was played for the court. (*Id.* at 18). When confronted at the store by Straley, Appellant acknowledged that he had taken some items which he could not afford to purchase himself. (*Id.* at 20-22; State's Exhibit 1). Appellant was then terminated from his employment. (*Id.* at 22).

{¶7}    Appellant opined that the scan-and-go machines at Walmart do not work properly. (*Id.* at 46). He testified that he did not intentionally steal anything. (*Id.*) Appellant believed he was being harassed and was wrongly terminated. (*Id.*) Appellant felt like the statement he had given was "coerced." (*Id.* at 48).

{¶8}    Appellant was found guilty of misdemeanor theft following the bench trial. The court sentenced Appellant to 180 days in jail, 170 days suspended, (10 days of community service in lieu of incarceration), 12 months community control, $100 fine, court costs, and was ordered to stay out of Walmart.

{¶9}    Appellant filed a timely pro se appeal and raises two assignments of error.[4]

## ASSIGNMENT OF ERROR NO. 1

---

[3] Case Nos. 19 CRB 1049 and 1050 were later dismissed.
[4] Appellant was found to be indigent and was appointed counsel to assist him in this appeal. This court granted Appellant's motion to stay his sentence pending appeal.

Case No. 20 MA 0009

**THE DEFENDANT DID NOT VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY WAIVE HIS RIGHT TO COUNSEL WHEN THE COURT REQUIRED HIM TO PROCEED PRO SE ON THE DAY OF HIS TRIAL.**

**ASSIGNMENT OF ERROR NO. 2**

**THE COURT ABUSED ITS DISCRETION WHEN IT FAILED TO PROVIDE THE DEFENDANT WITH NEW COURT APPOINTED COUNSEL.**

**{¶10}** In Appellant's first and second assignments of error, he asserts the trial court erred in failing to appoint new counsel and requiring him to proceed pro se at the bench trial without first securing a knowing, voluntary, and intelligent waiver pursuant to Crim.R. 44(B) and (C). Because Appellant's arguments contained in his two assignments are interrelated, we will address them together for ease of discussion.

The Sixth Amendment right to counsel extends to misdemeanor cases that can result in the imposition of a jail sentence. *City of Garfield Heights v. Brewer* (1984), 17 Ohio App.3d 216, 217, 479 N.E.2d 309, citing *Argersinger v. Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. However, a defendant can waive this right either expressly or impliedly, which can be determined from the circumstances of the case. *State v. Glasure* (1999), 132 Ohio App.3d 227, 234, 724 N.E.2d 1165. "To be an effective waiver, it is necessary for the trial court to 'make sufficient inquiry to determine whether (the) defendant fully understands and intelligently relinquishes that right.'" *Id.,* quoting *State v. Gibson* (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, at paragraph two of the syllabus. Before a defendant can waive the right to counsel, the trial court must be satisfied that the defendant made an intelligent and voluntary waiver of the right knowing that he will have to represent himself. *State v. Ebersole* (1995), 107 Ohio App.3d 288, 293, 668 N.E.2d 934, citing *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562; *Gibson,* 45 Ohio St.2d 366. Additionally, the court should inform the defendant of the dangers inherent in self-representation. *Id.*

Case No. 20 MA 0009

The state bears the burden of overcoming presumptions against a valid waiver. *State v. Dyer* (1996), 117 Ohio App.3d 92, 95, 689 N.E.2d 1034. Because the right to counsel is a fundamental constitutional right, we must indulge every reasonable presumption against its waiver. *State v. Glasure,* 7th Dist. No. 654, 2001-Ohio-3452, citing *Argersinger,* at 217. Therefore, a waiver of the right to counsel will not be deemed valid unless the record reflects that the trial court substantially complied with Crim.R. 22 and Crim.R. 44(C). *Id.,* citing *Glasure,* 132 Ohio App.3d 227.

*State v. Koons*, 7th Dist. Columbiana No. 06-CO-67, 2007-Ohio-4985, ¶ 13-14.

{¶11} Crim.R. 44, "Assignment of counsel," states in part:[5]

**(B) Counsel in petty offenses.** Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon the defendant, unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives assignment of counsel.

**(C) Waiver of counsel.** Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. * * *

Crim.R. 44(B) and (C).

{¶12} Appellant was convicted of first-degree misdemeanor theft. R.C. 2913.02(A). The maximum penalty for a first-degree misdemeanor is 180 days in jail. R.C. 2929.24(A)(1). Thus, Appellant was convicted of a petty offense, not a serious offense. Crim.R. 2(C) and (D). Accordingly, his waiver of the right to counsel was not required to be in writing. *See Koons, supra,* at ¶ 18.

{¶13} The record establishes, and the State concedes, that Appellant did not knowingly, voluntarily, and intelligently waive his right to counsel. In its brief, the State

---

[5] 2020 Ohio Court Order 0010 (C.O. 0010), amended and effective July 1, 2020 (masculine references to defendant (he/him/his) changed to (their)).

indicates: "Here, the trial court did not secure a knowing, voluntary, and intelligent waiver of Defendant's right to counsel pursuant to Criminal Rule 44." (5/6/2020 State's Brief, p. 5). The State further indicates that Appellant is entitled to resentencing "because the trial court imposed a suspended sentence. *See Price, supra*, at ¶ 29 (stating, 'the failure to comply with Crim.R. 44(B) is not fatal to the conviction as the rule merely controls the available punishment.'") (*Id.*)

{¶14} Although Appellant had been appointed counsel, he believed their attorney/client relationship had suffered a breakdown. Specifically, as stated, Appellant said in open court: "My [appointed] counsel was discussing my case in the open in front of everybody [and] was bashing me"; appointed counsel failed to file a motion to suppress; and failed to show him evidence in his companion cases. (12/17/2019 Bench Trial T.p. 4, 10-11). However, the trial court indicated that Appellant had competent appointed counsel. Appellant was not given substitute counsel. *See* Crim.R. 44(B). Instead, the trial court instructed him to hire an attorney.

{¶15} Even assuming arguendo that Appellant may have simply been delaying his trial by showing up without an attorney, this delay does not rise to the level of an implied waiver of the right to counsel. *See Koons, supra*, ¶ 58. Appellant appears to have believed that he had retained counsel, specifically Attorney Klimis, who had another trial that same date. Appellant had also spoken with Attorney Cartwright-Jones who would have accepted the case if given additional time. Nevertheless, the court instructed Appellant that he would have to represent himself at the bench trial. Thus, Appellant was forced to proceed, "Not by choice[.]" (12/17/2019 Bench Trial T.p. 7).

{¶16} Although no appearance was made by an attorney on Appellant's behalf, Appellant may have mistakenly believed that he had retained an attorney to represent him. Given this possible belief by Appellant, the trial court should have continued the bench trial and warned Appellant that if he did not show up with an attorney at the next trial date, the court would construe that as a waiver of the right to counsel and Appellant would have to proceed pro se. *See Koons, supra*, ¶ 58. The court should have then informed Appellant of the dangers of proceeding pro se. *Id*.

{¶17} The record in this case does not affirmatively demonstrate a knowing, intelligent, and voluntary waiver of Appellant's right to counsel. Although Appellant's

conviction itself is valid, the incarceration portion of his sentence is not. *See Price, supra,* at ¶ 29, 44 (affirming the conviction but reversing and remanding the suspended sentence for resentencing); *State v. DeBrill*, 2d Dist. Montgomery No. 19204, 2002-Ohio-6199, ¶ 9, citing *State v. Wellman* (1974), 37 Ohio St.2d 162, 171, 309 N.E.2d 915 ("noting that absent a valid waiver no person may be imprisoned for a misdemeanor unless he was represented by counsel"); *see also Alexander, supra*, at ¶ 16 (affirming the conviction but reversing and remanding for resentencing).

**{¶18}** Appellant's first and second assignments of error have merit to the extent indicated.

## CONCLUSION

**{¶19}** For the foregoing reasons, Appellant's conviction is affirmed. However, we hereby reverse the trial court's judgment with respect to the imposition of confinement and remand this matter for resentencing with the instruction for the trial court to vacate the confinement portion of Appellant's sentence.


Waite, P.J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's conviction is affirmed and we hereby reverse the trial court's judgment with respect to the imposition of confinement and remand this matter for resentencing to the Mahoning County Court No. 2 of Mahoning County, Ohio with the instruction for the trial court to vacate the confinement portion of Appellant's sentence. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**