[Cite as *State v. St. Thomas*, 2024-Ohio-2568.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DWAYNE H. ST. THOMAS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0103**

---

Criminal Appeal from the
Mahoning County Court #4 of Mahoning County, Ohio
Case No. 2023 TR D 03252 AUS

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Vacated, Reversed and Remanded.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor*, Atty. Edward A. Czopur,* Assistant Mahoning County Prosecutor*,* Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. Robert T. McDowall Jr.* Robert T. McDowall Co., LLC, for Defendant-Appellant.


Dated:  July 2, 2024

**Robb, P.J.**

{¶1} Appellant Dwayne H. St. Thomas appeals the October 30, 2023 judgment convicting him of driving under suspension and failing to display license plates. Appellant contends his waiver of trial counsel was not knowingly, voluntarily, and intelligently made, and as such we should find error and vacate his convictions.

{¶2} For the following reasons, we find error and affirm Appellant's convictions, but vacate his sentence and reverse and remand for resentencing.

<u>Statement of the Facts and Case</u>

{¶3} Appellant was stopped on July 13, 2023 in Austintown, Ohio. He was charged with driving under suspension, a first-degree misdemeanor in violation of R.C. 4510.11, and the failure to display license plates and a validation sticker, a minor misdemeanor in violation of R.C. 4503.21.

{¶4} Appellant was arraigned on July 17, 2023. He appeared without counsel. The trial court judge started the proceedings by identifying the charged offenses and the maximum jail time and fines that Appellant faced for each. The court then asked Appellant if he understood the charges against him, and Appellant responded:

> I don't understand it. * * * Because as a Constitution - - my Constitution-protected rights in the Supreme Court case law, I had a right as a civil citizen to travel upon the public highways and transport his property thereon in a[n] ordinary course of life and business.
>
> And it is a common right which he has under the right to enjoy life, liberty, to acquire, possess property, and to pursue happiness and safety.
>
> It includes the right * * * in so doing to use the ordinary usual conveyance of the day under existing modes of travel, including the right to drive a horse-drawn carriage or wagon thereon, and to operate an automobile thereon, for the unusual, ordinary purpose of life and business. Thompson versus Smith * * *. That's just one case law, sir.

{¶5} The court again told Appellant that he was charged with two offenses to which Appellant said he wanted to "settle and close this matter." The court advised him that he had to choose between pleading guilty or not guilty. Appellant responded by again

stating he wanted to "settle and close this matter."  When asked again what his plea was, Appellant stated he was not pleading because the court was violating his constitutional rights and he wanted to leave a "free man."

{¶6}  Based on the exchange, the court explained to Appellant that he understood that Appellant was denying the charges, and as such, the court found he was pleading not guilty.  The court stated it was going to set the matter for trial.  Appellant then said he did not want a trial but he wanted to dispute it.  The court attempted to explain the process to Appellant; he interrupted the court and said:  "I know y'all system, sir."  He continued to interrupt the judge and then said:  "I'm just trying not to give myself any bondage."  The court again began explaining the state's burden to prove the charges at trial, and Appellant interrupted and stated:  "I'm about to sue everybody."  Appellant then said he was putting everyone on notice because he was "tired of the shenanigans."  (July 17, 2023 Tr. 4-11.)

{¶7}  The court advised Appellant that he could be appointed a lawyer, and he declined.  The court asked him whether he wanted a lawyer at two different times during the hearing.  Toward the conclusion of the arraignment and in response to the court's offer to secure him a lawyer because this was a "jailable offense," Appellant responded "No. I'm pro se."  (July 17, 2023 Tr. 11-12.)  Appellant did not waive his right to a speedy trial; he was released without bond; and the court set the case for a bench trial.  He also said he wanted a motion to dismiss, to which the court responded that he did not file one. (July 17, 2023 Tr. 14-16.)

{¶8}  On the date of his arraignment, Appellant filed five form Violation Warnings asserting violations of his federal rights against the trial court judge, the local police department, the charging officer, and others.  (July 17, 2023 Violation Warnings.)

{¶9}  Appellant also filed a motion for summary judgment.  The motion indicated Appellant was seeking summary judgment or for the court to dismiss the charges.  He argued no crime occurred since there was no victim or injured party and that he had a constitutional right to drive on a public street with freedom from police interference.  (July 19, 2023 Motion.)

{¶10} A trial was held, and Appellant appeared pro se. At the beginning of trial, the court asked Appellant whether he was representing himself. He responded, "I'm here third-party (inaudible) representing myself."

{¶11} The charging officer testified for the state. He pulled Appellant over since he was not displaying a license plate. Thereafter it was determined that Appellant was also operating the vehicle on a suspended license. Appellant did not question the officer. Instead, Appellant repeated the same statement from the beginning of the trial in which he said in part: "I'm the holder in due course * * * acting as a third-party intervening. I make a special appearance as authorized representative for the defendant. * * * I do not dispute any facts pertained [sic] in the charging instruments." (Trial Tr. 19-20.)

{¶12} The trial court found Appellant was guilty of both charges. The court deemed Appellant's summary judgment motion as a Crim.R. 29 motion and overruled it. (August 23, 2023 Trial Judgment.)

{¶13} For count one, the court sentenced Appellant to 180 days in jail with 150 days suspended and 12 months reporting probation, imposed a $250 fine, and suspended Appellant's license for 12 months. On count two, the court imposed a $50 fine. (August 23, 2023 Sentencing Judgment.) The parties agree Appellant has already served the 30-day jail term.

{¶14} Appellant appealed. The trial court issued a nunc pro tunc entry on October 30, 2023, and Appellant filed an amended notice of appeal. He was appointed appellate counsel and raises one assignment of error.

### Knowing, Voluntary, and Intelligent Waiver of Counsel

{¶15} Appellant's sole assignment of error contends:

"The trial court committed prejudicial error by imposing a sentence of confinement upon defendant, knowing defendant was not represented by counsel and without the court advising defendant and obtaining a knowing, voluntary, and intelligent waiver of counsel in violation of Criminal Rule 44(B) & (C)."

{¶16} Appellant urges this court to reverse and vacate his conviction. He claims the record does not show he made a knowing, voluntary, and intelligent waiver of the right to counsel.

Case No. 23 MA 0103

**{¶17}** The state counters that the court's colloquy with Appellant at his arraignment was sufficient and demonstrates Appellant voluntarily and knowingly waived his right to an attorney. The state contends the court was stymied in its efforts by an uncooperative defendant who refused to engage with the court and was attempting to set forth a sovereign citizen defense. The state urges us to affirm.

> The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so.

*State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399, paragraph one of the syllabus (1976), citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975).

**{¶18}** "Absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *State v. Wellman,* 37 Ohio St.2d 162, 309 N.E.2d 915 (1974) paragraph one of the syllabus, citing *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006 (1972).

**{¶19}** Crim.R. 44(B), *Counsel in petty offenses,* states in part: "[w]hen a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel."

**{¶20}** Appellant's convictions constitute petty offenses because the maximum term of confinement was less than six months. Crim.R. 2(C) and (D); Crim.R. 2(D); R.C. 2929.24(A)(1).

**{¶21}** There is a presumption against finding a criminal defendant has waived his or her right to counsel. *State v. Obermiller*, 147 Ohio St.3d 175, 2016-Ohio-1594, 63 N.E.3d 93, ¶ 29, citing *Brewer v. Williams*, 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). The state bears the burden of overcoming the presumption against a valid waiver. S*tate v. Vordenberge*, 148 Ohio App.3d 488, 491-92, 2002-Ohio-1612, 774 N.E.2d 278.

**{¶22}** The information a defendant must possess to make a valid waiver depends on the totality of the circumstances in each case, including the complexity of the charges, the defendant's sophistication, and the stage of the proceedings. *State v. Johnson,* 112 Ohio St.3d 210, 2006-Ohio-6404, 858 N.E.2d 1144, ¶ 101.

**{¶23}** The Supreme Court of Ohio in *State v. Gibson*, 45 Ohio St.2d 366, 377, 345 N.E.2d 399 (1976), applied the test set forth in *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316 (1948) to establish whether the trial court made a sufficient pretrial inquiry with respect to a waiver of counsel. The *Von Moltke* Court stated in part:

> The fact that an accused may tell [the judge] that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid, such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. * * *.

*Id.* at 724.

**{¶24}** As for the state's argument that a waiver can be inferred based on this record, we disagree. Although Appellant affirmatively indicated he was proceeding pro se on two different dates, that is insufficient to constitute a knowing, voluntary, and intelligent waiver of counsel. When a trial court fails to advise a defendant on the record of the inherent dangers of proceeding pro se, waiver of the right to counsel cannot be inferred. *State v. Koons*, 7th Dist. Columbiana No. 06-CO-67, 2007-Ohio-4985, ¶ 46. In *Koons*, we found the trial court failed to inform the defendant about things, such as "the range of punishments he faced, possible defenses to the charge[s] * * *, or anything else*"* that would have apprised him of the inherent difficulties in self-representation. *Id.* at ¶ 57.

**{¶25}** The state urges us to rely on *State v. Tucker*, 9th Dist. Lorain No. 14CA010704, 2016-Ohio-1354, ¶ 19-20, to find an implied waiver here. In *Tucker,* the Ninth District Court of Appeals found the defendant waived his right to counsel based on his refusal to speak when asked about counsel. The court explained, "Tucker repeatedly frustrated the court's attempt to engage him in a dialogue about his waiver by refusing to

answer questions, posing objections to the legitimacy of the court and the proceedings, and insisting that he was not subject to the jurisdiction of the trial court." *Id.* at ¶ 14.

**{¶26}** Unlike the instant case, however, the trial court in *Tucker* warned the defendant against proceeding pro se at a pretrial hearing and then again at trial. The court asked Tucker about his trial experience and told him that an attorney would have greater knowledge and experience. The court likewise informed Tucker about the rules of evidence, the state's burden of proof, and that he did not have to testify before again suggesting that Tucker retain counsel. *Id.* at ¶ 15-17.

**{¶27}** In this case, the judge did advise Appellant that he was charged with a "jailable offense." It also identified the maximum jail time and fines that Appellant faced for each. Yet, the court did not inform Appellant about possible defenses, the range of allowable punishments, or possible mitigating circumstances to the charges. The court also indicated the state had the burden to prove the charges at trial, but it did not mention the importance of using an attorney or warn against proceeding pro se.

**{¶28}** "Because the dangers and disadvantages of self-representation during trial are so substantial, an accused will not be deemed to have validly waived his Sixth Amendment right to counsel unless the court has made 'searching or formal inquiry' to ensure that his waiver is knowing, intelligent, and voluntary." *State v. Wamsley*, 2016-Ohio-2885, 64 N.E.3d 489, ¶ 15 (5th Dist.), citing *Patterson v. Illinois*, 487 U.S. 285, 108 S.Ct. 2389 (1988).

**{¶29}** Again, Appellant unambiguously asserted his right to self-representation on two different occasions, at his arraignment and on the date of trial. However, Appellant could not knowingly and voluntarily waive his right to counsel because the court never informed him on the record of the inherent dangers of proceeding pro se.

> Without a court's on-the-record notification of the ramifications of waiver of the right to counsel and the challenges inherent in self-representation, nothing shows that the waiver was knowing, intelligent, and voluntary. The rule and case law make it abundantly clear that a trial court's duty to advise on the record is designed to ensure that an accused is truly informed of the right to counsel, and the court's duty to inform is mandatory.

*State v. Karnofel*, 11th Dist. Trumbull No. 2015-T-0070, 2017-Ohio-428, ¶ 18.

**{¶30}** Based on the record and the presumption against finding a criminal defendant has waived his right to counsel, we conclude Appellant's sole assigned error has merit.

**{¶31}** Although Appellant urges us to vacate his conviction, the proper remedy when a defendant has been convicted of a petty offense, without the benefit of counsel and without a valid waiver of counsel, is to affirm the verdict but vacate any sentence of confinement. *State v. Bradley-Lewis*, 2020-Ohio-3563, 155 N.E.3d 25, ¶ 33 (11th Dist.). *Accord State v. DeBrill*, 2d Dist. Montgomery No. 19204, 2002-Ohio-6199, ¶ 9, citing *State v. Wellman*, 37 Ohio St.2d 162, 171, 309 N.E.2d 915 (1974). The failure to comply with Crim.R. 44(B) is not fatal to the conviction because the rule controls the available punishment. *State v. Price*, 7th Dist. Mahoning No. 14 MA 28, 2015-Ohio-1199, ¶ 22-24, citing *Alabama v. Shelton,* 535 U.S. 654, 658-659, 122 S.Ct. 1764 (2002) (affirming conviction and other portions of the sentence but remanding for the trial court to eliminate suspended jail sentence).

**{¶32}** Accordingly, we find error. However, the error does not affect the verdict. Instead, his sentence is vacated and the case is remanded for resentencing. *State v. Price*, *supra*, at ¶ 29. On remand, the trial court cannot impose any sentence of confinement, including a suspended sentence. *Id.*

## Conclusion

**{¶33}** Based on the foregoing, Appellant's sole assigned error has merit. His sentence is vacated and the case is remanded for resentencing with instructions to the trial court that it cannot impose any sentence of confinement or suspended sentence of confinement.

Waite, J., concurs,

Dickey, J., concurs.

Case No. 23 MA 0103

[Cite as *State v. St. Thomas*, 2024-Ohio-2568.]

---

For the reasons stated in the Opinion rendered herein, the assignment of error has merit. It is the final judgment and order of this Court that the sentence is vacated. The case is remanded to the trial court for resentencing with instructions that it cannot impose any sentence of confinement or suspended sentence of confinement according to law and consistent with this Court's Opinion. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**