[Cite as *Mayfield Hts. v. Aziz-Hakim*, 2012-Ohio-5890.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98176**

## CITY OF MAYFIELD HEIGHTS

PLAINTIFF-APPELLEE

vs.

## ALI A. AZIZ-HAKIM

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN
### PART AND REMANDED

Criminal Appeal from
Lyndhurst Municipal Court
Case No. 11 CRB 00981

**BEFORE:** Stewart, P.J., Celebrezze, J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** December 13, 2012

**ATTORNEY FOR APPELLANT**

Richard Agopian
The Hilliard Building
1415 W. 9th Street, 2nd Floor
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

George J. Argie
Mayfield Heights City Prosecutor
Lyndhurst Municipal Court
5301 Mayfield Road
Lyndhurst, OH    44124

Dominic J. Vitantonio
Argie, D'Amico & Vitantonio
6449 Wilson Mills Road
Mayfield Village, OH    44143

MELODY J. STEWART, P.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Lyndhurst Municipal Court, and the briefs and oral arguments of counsel.

{¶2} Defendant-appellant Ali Aziz-Hakim signed a written waiver of his right to counsel and pleaded no contest to single counts of theft and possession of criminal tools, both of which were first degree misdemeanors. In this appeal, he argues that he did not validly waive the right to counsel, that he did not make his no contest plea knowingly and intelligently, and that the court erred by banning him from the store where he committed his crimes.

I

{¶3} Although Aziz-Hakim signed a waiver of rights form that included a waiver of the right to counsel, he argues that the court failed to engage him in the type of meaningful dialogue necessary to find a valid waiver of the right to counsel.

{¶4} The maximum penalty for first degree misdemeanor theft under R.C. 2913.02(B)(2) and first degree possession of criminal tools under R.C. 2923.24(C) is not more than 180 days in jail. *See* R.C. 2929.24(A)(1). This means that both offenses are "petty" offenses. *See* Crim.R. 2(D). A defendant is entitled to counsel in petty offense cases unless he "knowingly, intelligently, and voluntarily waives assignment of counsel."

Crim.R. 44(B). If a defendant in a petty offense case chooses to waive counsel, the waiver must occur in open court and be recorded. *See* Crim.R. 22 and 44(C).

{¶5} Before entering his no contest plea, Aziz-Hakim signed a form called "Traffic and Misdemeanor Criminal Cases Only Statement of Rights." That form contained a waiver of counsel section stating: "I HEREBY KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVE MY RIGHT TO COUNSEL." (Emphasis sic.) The transcript of the plea hearing shows that when Aziz-Hakim appeared before the court, he had filled out all but the waiver of counsel provision in the form. The court told Aziz-Hakim that "[y]ou need to waive counsel, sir, if you are going to go forward with your plea." To this, Aziz-Hakim replied, "[a]ll right. I'm in." The court's deputy witnessed Aziz-Hakim's signature.

{¶6} We determine whether a waiver of the right to counsel in a no contest plea is voluntarily, intelligently, and knowingly made by looking to the totality of the circumstances. *State v. Calvillo*, 76 Ohio App.3d 714, 719, 603 N.E.2d 325 (8th Dist.1991), citing *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979).

{¶7} The circumstances in this case were that Aziz-Hakim appeared solo before the court intending to plead no contest to charges of theft. We need not decide whether, standing alone, Aziz-Hakim's response that "I'm in" to the court's statement about signing the waiver of counsel portion of the form might not have sufficed to show that he knowingly waived the right to counsel — the transcript of the plea hearing shows that the court also advised Aziz-Hakim in open court that "you are giving up your right to

counsel[.]"  Even if Aziz-Hakim had been unsure of the rights that he waived by signing the waiver of rights form, the court's colloquy with Aziz-Hakim and his affirmative reply to the court's additional advisement regarding the waiver of counsel satisfies us that he knowingly and intelligently waived his right to counsel.

{¶8} Our conclusion that the totality of the circumstances show that Aziz-Hakim knowingly and intelligently waived his right to counsel is reinforced by his vast exposure to the criminal justice system, an exposure that makes it wholly improbable to think that Aziz-Hakim did not understand the nature of what he was waiving.  During sentencing, the court noted that Aziz-Hakim was no stranger to the criminal justice system, commenting on how he had "37 cycles on your criminal history."  The court recited a list including "theft, robbery, shoplifting, parole violations, shoplifting, grand theft, robbery, grand theft, drug abuse, possession of cocaine, aggravated trafficking, theft, parole violation, drug abuse, weapons under disability.  Need I go on?  I'm only at number 14."

{¶9} Constitutional protections do not lessen the more a defendant is involved in the criminal justice system.  But it would be disingenuous for a person with Aziz-Hakim's very lengthy criminal history to argue that he did not understand that his signature on the written plea form confirmed that he was waiving his right to counsel when signing the waiver of rights form.

II

**{¶10}** Aziz-Hakim next argues that the plea form gave him the incorrect impression that despite entering a no contest plea, the court could hold a bench trial and find him not guilty.

**{¶11}** In *North Carolina v. Alford*, 400 U.S. 25, 36, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court stated:

> Throughout its history * * * the plea of nolo contendere has been viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency. Fed. Rule Crim. Proc. 11 preserves this distinction in its requirement that a court cannot accept a guilty plea "unless it is satisfied that there is a factual basis for the plea"; there is no similar requirement for pleas of nolo contendere, since it was thought desirable to permit defendants to plead nolo without making any inquiry into their actual guilt.

*Id*. at fn. 8.

**{¶12}** A plea of no contest is not an admission of guilt, but an admission of the truth of the facts alleged in the indictment, information, or complaint. Crim.R. 11(B)(1) and (2). When accepting a no contest plea, the court does not determine whether there is a factual basis for the plea; rather, it determines whether the "indictment, information, or complaint contains sufficient allegations to state a[n] * * * offense." *State ex rel. Stern v. Mascio*, 75 Ohio St.3d 422, 425, 662 N.E.2d 370 (1996). "If the court determines that the alleged facts are insufficient to state the charged offense, it may find the defendant guilty of a lesser included offense, *State ex rel. Leis v. Gusweiler* (1981), 65 Ohio St. 2d 60, 61, 19 Ohio Op. 3d 257, 418 N.E. 2d 397, 398, or dismiss the charge." (Footnote omitted.) *Id.* at 424-425.

**{¶13}** The waiver of rights form signed by Aziz-Hakim stated:

I understand that if I plead no contest, the Court will make a finding regarding whether I am guilty or not guilty based upon the explanation of the circumstances as they are set forth in the complaint, as they are presented by the prosecutor, or as they are presented by the complainant.

{¶14} Although the waiver of rights form used the words "guilty or not guilty," the form itself correctly stated the scope of the court's obligations when taking a no contest plea in misdemeanor cases. R.C. 2937.07, which governs no contest pleas in misdemeanor cases, states:

A plea to a misdemeanor offense of "no contest" or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense.

{¶15} The language used in the waiver of rights form signed by Aziz-Hakim closely tracked the language of R.C. 2937.07. Consistent with the statute, the waiver of rights form said that the court would make a finding of guilty or not guilty based on an explanation of the circumstances of the offense.

{¶16} Aziz-Hakim cites *State v. Fitzgerald*, 8th Dist. No. 92978, 2010-Ohio-363, and *State v. Gibson*, 8th Dist. No. 93878, 2010-Ohio-3509, for the proposition that statements made by the court and defense counsel to the effect that waiving a jury trial would mean that the court itself would be making the determination of whether the defendants were guilty or not guilty were confusing because it led each defendant to believe they would be receiving a bench trial at which they might possibly be found not guilty. *Fitzgerald* at ¶ 33; *Gibson* at ¶ 23. Neither case is applicable here because they involved felony offenses for which R.C. 2937.07 did not apply. Because Aziz-Hakim

was charged with a misdemeanor offense, the court could "make a finding of guilty or not guilty from the explanation of the circumstances of the offense" as allowed by R.C. 2937.07.

## III

{¶17} The court sentenced Aziz-Hakim to 180 days in jail, and further stated "Banned From Walmart." Aziz-Hakim complains that while the court could ban him from the store as a condition of community control, it could not impose community control where the court imposed the maximum jail term for a first degree misdemeanor with no part of that sentence suspended. We agree and sustain this assignment of error on the authority of *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 9 (8th Dist.). We remand with instructions for the court to vacate the Walmart ban placed upon Aziz-Hakim.

{¶18} This cause is affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that the appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
JAMES J. SWEENEY, J., CONCUR