[Cite as *Parma Hts. v. Story*, 2025-Ohio-1928.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CITY OF PARMA HEIGHTS,          :

    Plaintiff-Appellee,          :

                    No. 114006

    v.          :

JIMMY L. STORY,          :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** May 29, 2025

---

Criminal Appeal from the Parma Heights Municipal Court
Case No. 24CRB00463

---

*Appearances:*

Mark A. Schneider, Parma Heights Director of Law, and
Bryan O'Malley, Assistant Law Director and Prosecuting
Attorney, *for appellee.*

Patituce & Associates, LLC, Joseph C. Patituce, and Erin
M. Branham, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Jimmy Story ("Story") appeals his convictions for

resisting arrest and obstructing official business. Story argues that the waiver of his

right to counsel was not made knowingly, voluntarily, and intelligently, and that the

trial court abused its discretion by denying his untimely motion for a trial by jury. We find that Story's waiver of his right to counsel was not made knowingly, voluntarily, and intelligently, and therefore vacate the trial court's judgment and remand.

## I. Facts and Procedural History

{¶ 2} The charges in this case stem from events that occurred on February 15, 2024, when Story appeared in Parma Heights Mayor's Court for a hearing on traffic violations.[1]  During the hearing, Story argued with the trial court, was asked to leave the courtroom, and was eventually escorted out by a police officer.  Story was later charged with resisting arrest in violation of R.C. 2921.33(B), a misdemeanor of the first degree, and obstructing official business in violation of R.C. 2921.31(A), a misdemeanor of the second degree.

{¶ 3} Story's arraignment on the new charges took place on February 28, 2024.  The trial court initially addressed everyone present for arraignment, including Story.  The trial court stated the following regarding the right to counsel:

> THE COURT:  Each of you has a right to an attorney at all stages, including today.  If you wanted a continuance to either hire your own lawyer or request a public defender, I'd grant you that continuance.
>
> . . .
>
> If you cannot afford your own lawyer and you enter a not guilty plea, you can apply for the public defender.  We'll have you fill out an application here today.

(Feb. 28, 2024 tr. 5-6.)

---

[1] The two traffic violations are not before us on appeal.

{¶ 4} During Story's arraignment, the trial court read each charge to him twice and advised him of the maximum penalty for each charge twice. The trial court also stated the following regarding Story's right to counsel:

> THE COURT: Can you afford your own lawyer or you're gonna request a public defender?

(*Id.* at 10.) While Story was being addressed individually, he was argumentative and continually questioned the jurisdiction of the trial court, while never answering the trial court's questions.

{¶ 5} Around this time, Story filed two motions. On February 26, 2024, he filed a "Notice of Special Appearance by Affidavit and challenge to jurisdiction," where he entered an appearance for the limited purpose of challenging the jurisdiction of the trial court. On March 4, 2024, Story filed a motion for extension of time for trial and request for pretrial conference, which the trial court granted.

{¶ 6} Story next appeared before the trial court for a pretrial hearing on April 8, 2024. The record reflects that Story was argumentative and spent the entirety of the hearing questioning the trial court's jurisdiction. The trial court did not engage Story in any discussion regarding the right to counsel during the pretrial hearing.

{¶ 7} On April 25, 2024, Story filed several motions: (1) "Notice for Trial by Jury," where he challenged the jurisdiction of the trial court; (2) "Notice of dismissal," where he again challenged the jurisdiction of the trial court; (3) "Witness List" where he again questioned the jurisdiction of the trial court and demanded the

case be dismissed; and (4) his second "Notice of dismissal" where he demanded the case be dismissed.

{¶ 8} On April 29, 2024, Story appeared for trial without counsel. The following discussion regarding counsel took place:

[THE COURT]: Present in court is the Defendant. He's without counsel here for the purposes of a trial.

Mr. Story, are you an attorney?

. . .

[STORY]: I'm not an attorney, your honor.

(Apr. 29, 2024 tr. 4.)

{¶ 9} After this exchange, the trial commenced with Story proceeding pro se. Story initially raised challenges to the jurisdiction of the trial court. Story then actively participated in the trial by discussing discovery, raising objections, and cross-examining witnesses.

{¶ 10} Story was found guilty on both charges. He was sentenced immediately following the trial to a total of 180 days in jail, with 90 days suspended and two-days credit for time served, plus a total of 36 months' probation. Story served 30 days in jail.

{¶ 11} Story raises the following assignments of error for our review:

1. The trial court committed reversible error when it failed to advise Mr. Story of his right to counsel or ensure that Mr. Story's decision to proceed to trial without counsel was knowing, voluntary, and intelligent.

2.  The trial court abused its discretion by failing to afford Mr. Story his constitutional right to a trial in front of a jury of his peers or additional time to prepare for his case.

## II. Law and Analysis

## A. Waiver of Right to Counsel

{¶ 12} In his first assignment of error, Story argues that the waiver of his right to counsel was not knowingly, voluntarily, and intelligently made.

{¶ 13} The United States Constitution and the Ohio Constitution both ensure that a criminal defendant has the right to have a lawyer assist in their defense. *See* U.S. Const., amend. VI; Ohio Const., art. I, § 10. In addition, Crim.R. 10(C) provides, in relevant part:

> When a defendant not represented by counsel is brought before a court and called upon to plead, the judge or magistrate shall cause the defendant to be informed and shall determine that the defendant understands the following:
>
> . . .
>
> (2) [t]he defendant has a right to counsel, and the right to a reasonable continuance in the proceeding to secure counsel, and, pursuant to Crim.R. 44, the right to have counsel assigned without cost if the defendant is unable to employ counsel.

{¶ 14} Crim.R. 44 provides:

> (B) Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon the defendant, unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives assignment of counsel.
>
> (C) Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

There is no dispute that Story's charges are petty offenses; thus, any waiver need not be in writing.[2]

{¶ 15} Criminal defendants also have the right to waive the right to counsel during criminal proceedings. *Euclid v. Hedge*, 2022-Ohio-464, ¶ 6 (8th Dist.), citing *State v. Reed*, 74 Ohio St.3d 534, 535 (1996), citing *Faretta v. California*, 422 U.S. 806, 821 (1975). We look at the totality of the circumstances when reviewing whether a waiver of the right to counsel in a no-contest plea is voluntarily, intelligently, and knowingly made. *Mayfield Hts. v. Aziz-Hakim*, 2012-Ohio-5890, ¶ 6 (8th Dist.), citing *State v. Calvillo*, 76 Ohio App.3d 714, 719 (8th Dist. 1991), citing *State v. Carter*, 60 Ohio St.2d 34, 38 (1979). Special interest is paid to the "'particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" *State v. Obermiller*, 2016-Ohio-1594, ¶ 30, quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). The trial court "'must investigate as long and as thoroughly as the circumstances of the case before [the court] demand.'" *State v. Gibson*, 45 Ohio St.2d 366, 377 (1976), quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723 (1948).

{¶ 16} When determining whether a defendant knowingly, intelligently, and voluntarily waived the right to counsel, the appellate court's standard of review is de

---

[2] Crim.R. 2(D) defines a petty offense as "a misdemeanor other than a serious offense." A serious offense is defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). The maximum penalty for each offense Story was charged with was 90 days in jail.

novo. *Hedge* at ¶ 33, citing *State v. Furr*, 2018-Ohio-2205, ¶ 10 (1st Dist.), citing *State v. Nelson*, 2016-Ohio-8064, ¶ 17 (1st Dist.).

{¶ 17} Story encourages this court to consider *Hedge*. In *Hedge*, the defendant appeared before the trial court multiple times. The defendant's arraignment involved a prerecorded message informing defendants of their rights. The defendant was asked later in the arraignment hearing if she planned to retain counsel. At her pretrial hearing, the defendant was asked if she intended to represent herself. When she answered in the affirmative, the trial court gave the defendant a reference sheet explaining the trial process and informed her that she would be held to the same standard as an attorney. At trial, the following colloquy took place between the defendant and the trial court:

> Court: And, Ms. Hedge, you were advised that you do have the right to an attorney. You were also afforded the right to a reasonable continuance to hire an attorney, correct?
>
> [Defendant]: Yes.
>
> Court: You were also afforded the opportunity to apply for a public defender, if necessary, if you were unable to afford an attorney, correct?
>
> [Defendant]: Correct.
>
> Court: And it is your decision to proceed without counsel; is that correct?
>
> [Defendant]: It is.
>
> Court: And we're prepared to go forward then?
>
> [Defendant]: Yes.

*Hedge* at ¶ 15.

{¶ 18} In *Hedge*, 2022-Ohio-464 (8th Dist.), one of the issues on review was whether the trial court engaged in sufficient colloquy with the defendant. The majority opinion in *Hedge* found that her waiver of her right to counsel was not knowing, intelligent, and voluntary because the trial court's colloquy was insufficient. The court found that the municipal court "did not advise Hedge of the dangers and disadvantages of self-representation, the possible defenses available to her, or any mitigating circumstances." *Hedge* at ¶ 16.

{¶ 19} The dissent treats Story's dilatory actions as a waiver of his right to counsel. However, "[t]here is a presumption against finding that a criminal defendant has waived his or her right to counsel." *State v. Karnofel*, 2017-Ohio-428, ¶ 11 (11th Dist.), citing *State v. Obermiller*, 2016-Ohio-1594, ¶ 29; *Brewer v. Williams*, 430 U.S. 387, 404 (1977). In addition, there cannot be an implied waiver without a full advisement of the right to counsel. Crim.R. 44; *Karnofel* at ¶ 14.

{¶ 20} Other courts, when faced with an uncooperative defendant exhibiting similarly dilatory behavior, have found no waiver of the right to counsel. *See Karnofel* at ¶ 15, quoting *State v. Koons*, 2007-Ohio-4985, ¶ 46 (7th Dist.) (no implied waiver where defendant was uncooperative and the trial court did not advise him of the "'inherent dangers of proceeding pro se'"); *State v. Tucker*, 2016-Ohio-1354 (9th Dist.) (no implied waiver where defendant was previously deemed a vexatious litigator and the trial court did not engage in any colloquy or advisement); *State v. St. Thomas*, 2024-Ohio-2568 (7th Dist.) (implied waiver where defendant

was uncooperative and trial court advised defendant of his right to counsel and implications of a waiver).

{¶ 21} In this case, a review of the record reveals that the trial court never engaged in any colloquy with Story regarding a waiver of his right to counsel. In addition, the trial court did not advise Story of the implications of a waiver. In fact, Story never expressed an intention to waive his right to counsel as the defendant did in *Hedge*. "A waiver of the right to counsel cannot be presumed from a silent record because any such waiver must be affirmatively set forth on the record." *Parma v. Wiseman*, 2015-Ohio-4983, ¶ 12 (8th Dist.), citing *State v. Dyer*, 117 Ohio App.3d 92, 95 (2d Dist. 1996).

{¶ 22} It is evident from the record that Story's behavior during every courtroom proceeding was especially taxing on the trial court. However, he nonetheless has a fundamental right to counsel, and Crim.R. 10(C) and 44 require the trial court to engage in colloquy and advisement regarding that right. The most trying individuals and situations are when our commitment to the rights afforded under both the United States Constitution and the Ohio Constitution are truly tested and proven.

{¶ 23} For the reasons stated above, we find that Story's waiver of his right to counsel was not knowingly, voluntarily, and intelligently made. Pursuant to *Hedge*, 2022-Ohio-464 (8th Dist.), we vacate Story's convictions and remand for further proceedings, including a new trial if necessary.

{¶ 24} Because we sustained Story's first assignment of error, his second assignment of error is moot.

{¶ 25} Judgment vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

WILLIAM A. KLATT, J.,* CONCURS;
SEAN C. GALLAGHER, P.J., DISSENTS (WITH SEPARATE OPINION)

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)

SEAN C. GALLAGHER, P.J., DISSENTING:

{¶ 26} I respectfully dissent and would affirm the judgment of the trial court. I believe that under the totality of the circumstances of this case, Story had a sufficient understanding of the case and the consequences of self-representation to make a voluntary, knowing, and intelligent choice to waive his right to counsel and represent himself.  The record demonstrates that what began with a traffic citation progressed with the addition of misdemeanor charges in an action that was before

the Parma Municipal Court. Story was advised of his right to counsel, he was informed of the nature of the charges and possible penalties, and the magistrate made further inquiry of Story as to whether he could afford his own lawyer or would be requesting a public defender. Story was argumentative with the magistrate, he repeatedly contested the court's jurisdiction, and he persisted in moving forward without exercising his right to counsel. After filing multiple motions, engaging in plea negotiations, and continuing to represent himself in the matter, Story elected to appear pro se at trial and testified on his own behalf. As argued by the city, appellant's conduct clearly indicates that he consciously determined to represent himself without legal counsel during all phases of the proceedings.

{¶ 27} The city should not be held to a heightened burden in this case. Indeed, dilatory behavior in presenting frivolous arguments to the municipal court should not be rewarded and, at best, Story invited any perceived errors with respect to waiver of counsel. *See Cleveland v. Simmons*, 2025-Ohio-1658, ¶ 34 (8th Dist.) (S. Gallagher, J., dissenting). Upon my review, and for reasons similar to those expressed in my dissent in *Euclid v. Hedge*, 2022-Ohio-464, ¶ 31-42 (8th Dist.) (S. Gallagher, J., dissenting), I would overrule the first assignment of error. Also, because Story's jury demand was not timely filed pursuant to Crim.R. 23(A), I would overrule the second assignment of error. I am not persuaded by any other argument presented by appellant.