[Cite as *State v. McBride*, 2024-Ohio-4870.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MATTHEW R. MCBRIDE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 CO 0005**

---

Criminal Appeal from the
Municipal Court of Columbiana County, Ohio
Case No. 2024 CRB 97

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecutor and *Atty. Shelley M. Pratt,* Assistant Prosecutor, for Plaintiff-Appellee

*Atty. David J. Betras* and *Atty. James N. Melfi*, Betras Kopp, LLC, for Defendant-Appellant

Dated:  September 19, 2024

**WAITE, J.**

{¶1} Appellant Matthew R. McBride, acting pro se, pleaded no contest in Columbiana County Municipal Court to misdemeanor assault. After being sentenced, he retained counsel and filed a motion to stay the sentence. At the stay of execution hearing, counsel raised an oral motion to withdraw this plea. The court denied the motion, and Appellant has appealed denial of his oral motion to withdraw. Appellant argues that the arraignment procedure was improper in this case and denial of his motion to withdraw his plea constituted a manifest injustice. Although Appellant was not represented by counsel at his arraignment, the trial judge advised him of his right to counsel, and Appellant waived that right orally and in writing. Appellant now contends he was suffering memory loss from epileptic seizures when he entered his plea, but the record does not support this claim. Appellant gave detailed and intelligent responses during his no contest plea. The record reveals Appellant's plea was made voluntarily, knowingly, and intelligently, and there was no manifest injustice in overruling his motion to withdraw the plea. The judgment of the trial court is affirmed.

<u>Facts and Procedural History</u>

{¶2} On January 12, 2024, a complaint was filed in Columbiana County Municipal Court charging Appellant with assault in violation of R.C. 2903.13(A), a first degree misdemeanor. The charge arose out of an incident that occurred on January 11, 2024 at the JDE Food and Fuel Station in New Waterford, Ohio. Appellant approached Alex Conkle as he was pumping gas, and punched Conkle in the face. The assault continued as the two of them fell to the ground. Appellant admitted to the arresting officer

that he assaulted Conkle.  Appellant later explained that Conkle had borrowed $200 from him years earlier and never paid him back, and that was why he assaulted Conkle.

{¶3}   Appellant was arraigned on January 12, 2024.  He signed a written waiver of the right to counsel form, which was filed the same day.  He also signed a "waiver of rights upon plea" form that included his waiver of the right to be represented by counsel. The court informed Appellant at arraignment that he had the right to an appointed attorney if he financially qualified for one.  The court also explained the rights Appellant would be waiving if he pleaded guilty or no contest to the charges, and several other constitutional and non-constitutional rights.  The court fully explained to him the meaning and effect of pleading guilty or no contest.  (1/12/24 Tr., p. 6-7).  The court asked Appellant how he wished to plead.  Appellant:  "What is going to be the way to get it done as [ ] soon as possible to get rid of this?"  (1/12/24 Tr., p. 12.)  The court explained to Appellant the procedure that would occur if he pleaded guilty.  Appellant then stated he was entering a no contest plea.  The court again explained that Appellant would be giving up his right to consult with an attorney, the right of presumed innocence, the right to a jury trial, the right to present a defense, to right to confront witnesses, and the right to remain silent.  When the court asked Appellant if he intended to give up all these rights.  Appellant answered: "Okay.  Yes."  (1/12/24 Supplemental Tr., p. 14.)

{¶4}   The court made a finding of guilt following Appellant's no contest plea and set the sentencing hearing for January 18, 2024.  Sentencing was continued to February 1, 2024.  The court sentenced Appellant to 180 days in jail, with 30 days suspended, and a $250 fine.

{¶5} On February 2, 2024, Appellant retained counsel and filed a motion for stay of sentence. A hearing was held on February 12, 2024. At the hearing, Appellant for the first time made an oral motion to withdraw his plea. The court decided to hear the motion immediately. The prosecutor objected because no written motion had been filed and no time was being offered to the state to brief the arguments that might be raised. The court nevertheless proceeded to hear the motion. Appellant offered no evidence other than his own testimony. He testified that he suffered from epileptic seizures. The seizures began when he was 21 or 22 years old, and he was presently 42 years old. He claimed that when he has a seizure he becomes confused, very tired, sweaty, lethargic, and unable to understand what is going on around him. His counsel asked him if he had a seizure on the day of the plea hearing or the day before. Appellant stated he could not recall whether he had a seizure at that time, because he has memory lapses when he has seizures. He was asked again whether he had a seizure before he saw the judge at arraignment, and he could not recall.

{¶6} Appellant testified that he has a device implanted in his chest that stimulates the nerves in his brain every three minutes. He takes four drugs to regulate seizures. He testified that he gets angry, confused, and tired when he has seizures.

{¶7} Appellant testified that he thought he was going to have a public defender appointed because, in the past, "I have always gotten one." (2/12/24 Tr., p. 9.) Appellant's counsel also noted that Appellant has a prior criminal record. The docket of the Columbiana County Municipal Court reflects that Appellant does have an extensive criminal record.

{¶8}   He testified that he did not understand the rights he waived when he entered his plea because "I have had comprehension problems since school."  (2/12/24 Tr., p. 9.)

{¶9}   The court took the motion under advisement and allowed the parties to submit briefs.  The state filed its brief on February 14, 2024.  Appellant did not respond in any way or submit further evidence in support of the oral motion to withdraw his plea.

{¶10}  The court overruled the motion to withdraw the plea by judgment entry filed on February 14, 2024.  Appellant appealed the February 14, 2024 judgment entry on February 28, 2024.  We note that Appellant has not appealed the February 1, 2024 judgment of conviction and sentence.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEA.

{¶11}  Appellant contends that his plea was not made voluntarily, knowingly, or intelligently.  Appellant is aware that the oral motion to withdraw his plea was made after sentencing, and that Crim.R. 32.1 only allows a postsentence plea to be withdrawn to correct manifest injustice.  Appellant argues that he suffers from epileptic seizures, that he may have been impaired by those seizures at the time he entered his no contest plea, and that his seizure disorder interfered with his ability to waive his right to counsel.  For these reasons, Appellant believes that the court should have allowed him to withdraw his post-sentencing no contest plea.

{¶12}  Appellee responds that the trial judge fully informed Appellant of the effect of a no contest plea and the meaning of all the rights he was waiving by pleading no

contest. The court informed Appellant of the nature of the charge against him and the potential penalties. Appellant specifically told the court that he desired to waive his right to counsel and he signed two written waivers that included the waiver of his right to the assistance of counsel. Appellee argues that at no time did Appellant indicate he wanted to be represented by counsel, and that he expressed only a desire to complete the proceedings as quickly as possible. Appellee points out the record does not support that Appellant was impaired in any way when he entered his no contest plea or when he waived the right to counsel. For these reasons, Appellee concludes there was no manifest injustice in the court's denial of the postsentence motion to withdraw the plea.

### Standard of Review

{¶13} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. The defendant must show withdrawal is necessary to correct manifest injustice. *State v. Stumpf*, 32 Ohio St.3d 95, 104 (1987). "[A] defendant seeking to withdraw a plea of guilty after sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). A post-sentence plea withdrawal motion is warranted "only in extraordinary cases." *Id.*

{¶14} An appellate court reviews the disposition of a motion to withdraw a guilty plea for an abuse of discretion. *State v. Carabello*, 17 Ohio St.3d 66, 67 (1985). "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 2013-Ohio-2951, ¶ 21 (7th Dist.).

{¶15} Appellant sets forth two main reasons why he thinks his motion to withdraw his plea should have been granted. The first is that he did not validly waive his right to counsel. However, this record shows that he waived his right to counsel in writing twice, and again, orally, at arraignment. Nevertheless, Appellant contends that the waivers in the record were an insufficient basis on which to find valid waiver because he suffers from epileptic seizures and because the court did not tell him of the dangers of proceeding *pro se*.

{¶16} Pursuant to Crim.R. 11(E), which deals with pleas in petty offense cases, the court may accept a no contest plea only after explaining to the defendant the effect of a no contest plea. Crim.R. 11(E) also states that the waiver of counsel rules in Crim.R. 44(B) and (C) apply to petty offense cases. The rule on which Appellant relies is Crim.R. 44(B), which provides:

> Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon the defendant, unless after being fully advised by the court, the defendant knowingly, intelligently, and voluntarily waives assignment of counsel.

{¶17} Both parties agree that a timely request to waive counsel and self-represent must be granted "when [a defendant] voluntarily, and knowingly and intelligently elects to do so." *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph one of the syllabus. "[T]rial courts may constitutionally deny a defendant his right to self-representation when there

are lingering doubts concerning the defendant's competency to represent himself." *State v. Godley*, 2018-Ohio-4253, ¶ 15 (3rd Dist.). There are no such doubts to be gleaned from the record in this case. Although Appellant mentioned at arraignment that he had problems with anxiety and stress that leads to seizures, there was absolutely no indication that he was suffering from any such issue when he waived his right to counsel and entered his no contest plea. He was so lucid that he made a special point to correct the record regarding the address where the crime occurred: "I personally lived on both streets . . . I'm very aware of the names of the streets of my town." (1/12/24 Tr., p. 12.) When the judge asked him why the crime occurred, he told the judge that he has problems with his temper and is involved in counseling. Appellant engaged in intelligent conversation with the judge throughout the hearing. There is nothing in the record of the arraignment that reveals any impairment, or that undermines the validity of the no contest plea or his waiver of counsel.

{¶18} Appellant relies primarily on his testimony from the hearing on his motion to withdraw to support that he was suffering from the effect of either epilepsy or epilepsy medication when he entered his plea. His argument at the motion hearing was that the judge could have asked about, and discovered at arraignment, the fact that Appellant had been suffering from seizures for 20 years, that he often lost his memory and became confused, was prescribed medication, and that he had a nerve stimulator implanted in his chest because of his condition that shocked his brain every three minutes. Appellant believes the court had a duty to inquire into all of these matters at arraignment simply because Appellant mentioned the words stress, anxiety, and seizures.

{¶19} A trial court must be convinced that a no contest plea is made voluntarily, knowingly, and intelligently. There is no magic formula that can be used to make this determination. Appellant gave no indication at arraignment that he was suffering from any medical conditions or drugs that would prevent him from entering a valid, knowing no contest plea. At the hearing on his motion to withdraw, Appellant could not recall whether he was having a seizure the day he entered his plea. He testified that he gets confused, angry, and tired when he has a seizure. The record of plea does not support that he seemed confused, angry, or tired when he entered his plea. He testified that he becomes sweaty, lethargic, and unable to understand what is going on around him when he has a seizure. Again, there is no indication any of this was present at the change of plea hearing. He claimed to have memory lapses when he has seizures, and yet, his memory seemed to be crystal clear at the change of plea hearing and he asked and answered questions cogently. Because the record does not support there was any indication that Appellant was suffering from any condition that prevented him from properly entering his no contest plea, there cannot be manifest injustice in refusing to allow him to withdraw the plea.

{¶20} Appellant contends that there were enough indications regarding the possibility that he was impaired or suffering from a disability at the January 12, 2024 arraignment that the court should have further inquired into the matter, or at least continued the proceeding. Appellant cites to a moment in the hearing when he claims the court cut him off just as he was about to explain the nature of his seizures. Appellant said: "How long would it take for sentencing? I'm having problems with anxiety and stress due to this leads to seizures. I --". (1/12/24 Tr., p. 13.) The court then answered

Appellant's question and said: "Your case is going to be set -- if you want to plead guilty, your case is going to be set sentencing hearing." (1/12/24 Supplemental Tr., p. 13.) The court did not stop Appellant from finishing his thought, but simply answered the question Appellant asked. Based on Appellant's statement, taken at face value, he indicated that the matter was creating anxiety and stress that could lead to seizures, and he was looking for the quickest way possible to resolve the case. There was no mention of epilepsy or any other medical condition that would require further inquiry at that time. Appellant did not mention having had a seizure recently, or that he was taking medication for seizures, or that he has a medical device implanted in his chest that was regulating seizures. The fact that he was suffering from anxiety and stress would be expected from every defendant charged with a crime and brought before the court, and would not, alone, trigger a further investigation.

{¶21} Appellant also notes that he told the court he was disabled and that the court made no further inquiry about the nature of the disability. The mention of the word "disabled" occurred at the very end of the arraignment hearing, after Appellant had already pleaded no contest and after the court's instructions as to sentencing. The court told Appellant he would be sentenced on January 18, 2024, that a $2,500 bond would be set, that he could post the bond and if so, that he must voluntarily appear in court. (1/12/24 Tr., p. 15.) Appellant said: "it's going to be impossible to post bond being I'm disabled." (1/12/24 Tr., p. 15.) The judge told him that he would remain in custody until the bond was posted, and ended the hearing.

{¶22} Appellant's epilepsy and disability were raised at sentencing, however, Appellant did not mention these issues in an attempt to challenge his no contest plea.

Case No. 24 CO 0005

Instead, they were discussed to explain why he committed the assault, as he sought to mitigate his sentence. He explained that the victim borrowed money from him many years ago, and Appellant happened to encounter him on January 11, 2024. Appellant claimed that his epilepsy makes him lose control of his emotions and he cannot control himself. He felt that the county was not doing enough to help him with his problems, and he believed this was a factor in committing the crime. Apparently, the court believed this was nothing more than an excuse, intended to shift the blame, rather than Appellant showing remorse for the crime.

{¶23} It is clear from the record that Appellant did not offer any evidence that he was impaired by any condition, medical or otherwise, on the day he entered his plea. At the hearing on the motion to withdraw, Appellant testified that his seizures or epilepsy (which was not established by any medical evidence) caused him to be emotional or out of control, and yet this is not how Appellant presented at arraignment. He appeared completely in control of his emotions and thought processes, and he made a special point of correcting the judge regarding the exact location of the crime. Appellant was asked more than once at the motion to withdraw hearing if he was under the influence of a seizure at arraignment, or had suffered one the day before, and he could not recall. At oral argument, Appellant's counsel urged several times, that there were "breadcrumbs" in the record that should have triggered a further inquiry by the court into Appellant's condition. And yet, when given a chance to substantiate those "breadcrumbs," Appellant provided no evidence to corroborate his testimony. He did not file a memorandum in support of the oral motion to withdraw his plea, even though he was given the opportunity to do so by the court. He did not file any medical records, reports, tests, conclusions, or

Case No. 24 CO 0005

evidence that he was actually taking prescription drugs for any illness or condition. His testimony about his condition is equivocal at best, and does not provide any reason for the trial court to have questioned his no contest plea.

**{¶24}** Appellant also argues that he was not told of the dangers of entering a no contest plea without the assistance of counsel. Although Crim.R. 44(B) does not specifically require the court to explain the dangers of acting *pro se* in a criminal case, Appellant contends that "[w]hen a trial court fails to advise a defendant on the record of the inherent dangers of proceeding pro se, waiver of the right to counsel cannot be inferred." *State v. St. Thomas*, 2024-Ohio-2568, ¶ 24 (7th Dist.). There is no need to infer a waiver in this case, though, because the waiver is explicit. Appellant waived the right to the assistance of counsel twice in writing and also orally at arraignment.

**{¶25}** Regardless, the court did explain the difficulties of acting *pro se*. The judge told Appellant that the court could not give him legal advice, but could only explain the meaning of a no contest plea and what the next stage of the proceeding would be. The court explained that there would be no trial if he pleaded no contest and that the next step would be sentencing. The court explained more than once that if Appellant wanted to immediately plead no contest, he would do so without being advised by an attorney. The court explained that if he entered a plea of no contest at arraignment, he would be giving up the right to trial, to present a defense, to call witnesses, to have an attorney to assist him, and many other constitutional rights. The court then asked again: "Is that what you want to do?" (1/12/24 Tr., p. 4.) Appellant answered "Yeah." (1/12/24 Tr., p. 4.)

**{¶26}** The issue under review is whether a manifest injustice occurred in denying Appellant's motion to withdraw his no contest plea. Since the record reflects that the plea

Case No. 24 CO 0005

was made voluntarily, knowingly, and intelligently, and that there was a valid waiver of the right to counsel, there was no manifest injustice in denying the motion to withdraw. As stated by Appellee, the record supports the conclusion that Appellant simply had a change of heart about pleading no contest and tried to justify it after the fact. A mere change of heart is an insufficient basis on which to withdraw a no contest plea. *State v. Kinney*, 2023-Ohio-2549, ¶ 31 (7th Dist.).

**{¶27}** Appellant's first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT DID NOT SUBSTANTIALLY COMPLY WITH THE PROPER ARRAIGNMENT PROCEDURE FOR [MISDEMEANORS].

**{¶28}** This assignment of error is a continuation of his earlier argument that his waiver of his right to counsel was invalid. Under this assignment of error, Appellant argues that a trial court is required to tell a defendant at arraignment that he has a right to retain counsel, a right to a reasonable continuance to secure counsel, and the right to have counsel assigned without cost if he cannot afford to retain counsel. These rights in petty offense cases are contained in Crim.R. 5(A)(2), 10(C), and 44(B). Appellant acknowledges that the court is not required to recite any specific words from the Rules of Criminal Procedure, and that waiver of the right to counsel can only be upheld if the court substantially complied with the directives regarding the notices regarding the right to counsel. *State v. Koons*, 2007-Ohio-4985, ¶ 14 (7th Dist.). Appellant is also aware that the only issue under review is whether there was a manifest injustice in the denial of his motion to withdraw the no contest plea.

**{¶29}** Appellant's specific argument is that the arraignment process insufficiently apprised him of his rights regarding the assistance of counsel. Crim.R. 10 deals with arraignments. Crim.R. 10(C) states:

When a defendant not represented by counsel is brought before a court and called upon to plead, the judge or magistrate shall cause the defendant to be informed and shall determine that the defendant understands all of the following:

(1) The defendant has a right to retain counsel even if the defendant intends to plead guilty, and has a right to a reasonable continuance in the proceedings to secure counsel.

(2) The defendant has a right to counsel, and the right to a reasonable continuance in the proceeding to secure counsel, and, pursuant to Crim. R. 44, the right to have counsel assigned without cost if the defendant is unable to employ counsel.

**{¶30}** Appellant argues that the trial judge did not inform him of the right to be assigned counsel without cost if he could not afford retained counsel, and that he had a right to a reasonable continuance to obtain counsel.

**{¶31}** During arraignment the judge stated: "[You] have the right to have an attorney appointed to represent you if you qualify financially for that appointment." (1/12/24 Tr., p. 2.) This substantially complies with the notice requirement in Crim.R. 10(C)(2). The court also stated: "If you need time to speak to a lawyer or get some legal

advice before you proceed any further -- in that event you should plead not guilty." (1/12/24 Tr., p. 5.) The court then explained that if a not guilty plea was entered the case would be continued for a future hearing called a pretrial. These two statements together constitute substantial compliance with the notice requirement of Crim.R. 10(C)(1).

**{¶32}** The written waiver of the right to counsel, filed on January 12, 2024, stated that Appellant understood he had a right to counsel, and that if he could not afford to pay the cost of hiring counsel, counsel would be appointed without charge. He knowingly, intelligently, and voluntarily waived his right to employ an attorney or have one appointed to represent him. The written waiver of rights upon plea, also signed by Appellant and filed on January 12, 2024, contained another waiver of his right to have retained or appointed counsel. These two written waivers fully support the conclusion that the court complied with Crim.R. 10(C).

**{¶33}** We also note Appellant was no stranger to the criminal litigation process, having an extensive prior criminal record in the same court. He, himself, testified that he was aware an attorney could have been appointed because that is what had happened in the past. Appellant made it absolutely clear to the court that he did not want an attorney and that his only concern was to expedite this matter so that the case would be resolved as quickly as possible.

**{¶34}** Because the court substantially complied with the notice requirements of Crim.R. 10(C), there can be no manifest injustice in denying Appellant's post-sentence motion to withdraw his no contest plea. Therefore, Appellant's second assignment of error is overruled.

Conclusion

**{¶35}** Appellant argues the trial court should not have accepted his no contest plea and should have sustained his motion to withdraw that plea because he may have been suffering from the effects of a seizure disorder during arraignment, and because he did not properly waive the right to counsel. He contends that under Crim.R. 32.1, the denial of his motion to withdraw his no contest plea created a manifest injustice. Appellant's arguments are not persuasive. The trial judge advised Appellant of his constitutional rights, including the right to be represented by counsel, and Appellant waived those rights both orally and in writing. The record does not support any inference that Appellant was suffering from epilepsy or any other ailment when he pleaded no contest. Appellant provided intelligent and thoughtful responses during arraignment when he pleaded no contest, thus contradicting his argument on appeal. Appellant also contends the court specifically failed to give him two notices regarding the right to counsel at arraignment required by Crim.R. 10(C), but the record shows that the court did substantially comply with those notices. As there was no manifest injustice in this case, the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Hanni, J. dissents; see dissenting opinion.

Case No. 24 CO 0005

Hanni, J., dissenting.

**{¶36}** With regard and respect to my colleagues, I must dissent from the majority opinion. I would find that once Appellant informed the trial court of his medical issues and potential disability at his arraignment, the court should have inquired further of Appellant before accepting his uncounseled no contest plea. At his arraignment, before entering his plea, Appellant told the court: "I'm having problems with anxiety and stress due to this which leads to seizures. I - -". (Arraignment Tr. 3). The court then interrupted Appellant, telling him that if he pleaded guilty, his case would be set for sentencing. (Arraignment Tr. 3). The court did not allow Appellant to finish his statement regarding his stress and anxiety leading to seizures. Appellant then stated "No contest" without any further inquiry by the court. (Arraignment Tr. 4). Given the facts that Appellant was proceeding without counsel and was attempting to bring his medical condition/disability to the trial court's attention, the court should have inquired further of Appellant before accepting his no contest plea.

**{¶37}** In addition, at the hearing to withdraw the plea, the trial court was informed by defense counsel of Appellant's condition regarding his disability and inability to clearly, knowingly, and intelligently make a decision regarding the plea.

**{¶38}** Thus, I would find the trial court should have granted Appellant's motion to withdraw his plea.

Case No. 24 CO 0005

_____

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Municipal Court of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**